IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 21-CR-720 KG |
| **RYAN TYREL COBBS**, | ) ) ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT, AND
MOTION FOR DOWNWARD DEPARTURE OR VARIANCE, AND
SENTENCING MEMORANDUM

The United States of America hereby responds in opposition to the defendant's objection to the presentence report, and request for a departure or variance (Doc. 32), and respectfully requests the Court to overrule the objection, and to sentence the defendant to the low-end of the applicable guideline imprisonment range.

I. Factual Background and Relevant Procedural History

On August 2, 2020, officers with the Hobbs Police Department (HPD) executed a search warrant at the defendant's house and found seven firearms, including a sawed of shot gun, and a large cache of ammunition, all in close proximity to methamphetamine, scales, empty baggies, and a pill bottle full of small rubber bands – all indicia of drug trafficking. Two of the firearms were reported stolen. The defendant was a convicted felon, so consequently he was charged by the United States with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. Additionally, the defendant was charged by the State of New Mexico with, *inter alia*, Trafficking

a Controlled Substance (Methamphetamine), contrary to Section 30-31-20B(1), NMSA 1978, in case number D-506-CR-2020-00379. PSR at ¶ 51.

On October 18, 2021, the defendant pled guilty to the aforementioned federal charges, and on January 11, 2022, the Presentence Report (PSR) was filed. Doc. 25.[1]

On April 18, 2022, the defendant filed an objection to paragraph 28 of the PSR which applies a four-level enhancement to his base offense level for possessing any firearm or ammunition in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B). He also requests a variance under 18 U.S.C. § 3553. The defendant's objection to the PSR, and his request for a variance should both be denied.

II.     Argument

A. The Court should Overrule the Defendant's Objection to the PSR.

U.S.S.G. § 2K2.1(b)(6)(B) reads that, "If the defendant used or possessed any firearm or ammunition in connection with another felony offense…increase by **4** levels… ." (emphasis in original). Application Note 14(B)(ii) provides that the guideline enhancement applies, "in the case of a drug trafficking offense in which a firearm is found in close proximity to the drugs…or drug paraphernalia…because the presence of the firearm has the potential of facilitating another felony offense… ." *Id.*

Here, the United States can show by a preponderance of the evidence that the four-level enhancement applies. *See United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir. 1993) (explaining that the preponderance of the evidence standard applies to sentencing proceedings). The facts of the case are that on August 2, 2020, while executing a search warrant at the defendant's residence, officers seized multiple firearms, more fully described in paragraph 11 of the PSR, and

---

[1] Upon information and belief, the State case is still pending.

other evidence of drug trafficking. At least three of the firearms – a Remington sawed-off semi-automatic shotgun; a Tactical Solutions semi-automatic rifle; and a Fabrique National 509 handgun were all located in the far west bedroom of the house, and inside that same bedroom, officers found male clothes, male cologne, and papers and bills with the defendant's name on them. The shotgun was located underneath a gun cabinet, and the 509 firearm was located underneath the mattress, next to a clear, plastic baggy containing methamphetamine. During a post-arrest, post-*Miranda* statement, the defendant admitted that he obtained the Remington and Tactical firearms from his friend, "Slick," PSR at ¶ 15, and that the 509 handgun belonged to a friend, who left it at his residence. *Id.* Additionally, that the Ruger model Mark I-Standard handgun belonged to his grandfather, and that he had placed it in his bedroom closet. *Id.*

In the north bedroom, officers located two more containers of methamphetamine, gun parts, and a substantial amount of ammunition. And, in the southeast bedroom, officers located another clear, plastic baggy of methamphetamine, a stolen Smith & Wesson firearm, counterfeit currency, and scales for weighing drugs. Paperwork and bills bearing the defendant's name were found in these two bedrooms, as well.

In the kitchen, officers located several small, empty, plastic baggies, and a pill bottle full of small rubber bands. The baggies were the same size and color as the other baggies in the residence that contained the methamphetamine. The rubber bands, small baggies, scales, and firearms are all indicia of drug trafficking, and the firearms are a tool of the drug trade used by drug traffickers to protect themselves and their product from thieves and rival drug dealers. The Tenth Circuit recognizes this obvious proposition. "Handguns are widely recognized as a tool of the drug dealers trade." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998). Therefore, the defendant's possession of the firearms certainly had the potential to facilitate the felony crime

of drug trafficking, warranting the § 2K2.1(b)(6)(B) enhancement. *See United States v. Gambino-Zavala*, 539 F.3d 1221, 1224 (10th Cir. 2008) (applying §2K2.1(b)(6)(B) because police officers "discovered a .38 revolver, an AK-47, and 253.4 grams of heroin in his apartment); *United States v. Pacheco*, No. CR 13-2643 JB, 2014 WL 3421063, at *14 (D.N.M. July 8, 2014) (Browning, J.) (reasoning that §2K2.1(b)(6)(B) applied where the defendant had a firearm, heroin, and digital scales in his trailer, because the firearm might protect the defendant and "and his drug supply").

Even if the defendant were not trafficking drugs, § 2K2.1(b)(6)(B) still applies here. The Eighth Circuit has held that a firearm facilitates or has the potential to facilitate felony-drug possession in the same manner as felony-drug trafficking -- by protecting a defendant or his drugs. *See United States v. Bell*, 310 F.3d 604, 605-06 (8th Cir. 2002) (per curiam). The Tenth Circuit reached a similar conclusion in an unpublished opinion. *See United States v. Fent*, 199 F. App'x 724, 727 (10th Cir. 2006) (unpublished) (holding that the enhancement applied where the defendant possessed a firearm in connection with possessing methamphetamine).

Here, the evidence supports by a preponderance of the evidence that the defendant engaged in a drug trafficking offense, and was, in fact, charged by the State of New Mexico, with drug trafficking arising out of the facts of this case. Even if he was not committing a drug trafficking offense, he certainly possessed firearms in close proximity to his methamphetamine. As described above, officers found a firearm next to a baggy of methamphetamine, under the mattress in a bedroom containing male belongings, and paperwork and bills in the defendant's name.

Therefore, the United States Probation Office correctly assessed the four-level enhancement, and the Court should overrule the defendant's objection to it.

B.  The Court should Deny the Defendant's Request for a Variance.

As part of the sentencing process, a district court may consider whether the case before it lies within the "heartland" of typical cases considered by the Sentencing Commission when it drafted the Guidelines. Even after *United States v. Booker*, 543 U.S. 220 (2005), the district court is still required to apply the Guidelines and to consider the recommended sentence as one factor in its decision. *Gall v. United States*, 552 U.S. 38 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."); *see also* 18 U.S.C. § 3553(a)(4). One step in applying the Guidelines is to determine whether to depart from the range specified in the Sentencing Table. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936 n. 2 (10th Cir. 2005) ("Although district courts post-*Booker* have discretion to assign sentences outside of the Guidelines-authorized range, they should also continue to apply the Guidelines departure provisions in appropriate cases.").

"Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98 (1996). That is, whether the case lies within the heartland of similar offenses is a threshold question that a district court must decide when determining whether to grant a departure under the Guidelines. Although *Koon* was decided when the Guidelines were still mandatory, neither *Booker* nor any of the subsequent cases have altered the standard for when to depart from the recommended range.

This kind of heartland analysis is also a legitimate part of the district court's analysis of whether to vary from the Guidelines. In *Rita v. United States*, 551 U.S. 338 (2007), the Supreme Court specifically endorsed the use of this technique as part of the weighing of the § 3553(a) factors. *Id*. at 351 ("[The sentencing judge] may hear arguments by prosecution or defense that the

5

Guidelines sentence should not apply, perhaps because ... the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply."); *see also United States v. Galarza-Payan*, 441 F.3d 885, 888 (10th Cir. 2006) ( "Indeed the concept of a 'heartland'- or similarity among cases-is a part of § 3553(a)(6) ... and is a proper consideration when applied in a discretionary fashion.").

It is well settled that the Guidelines are advisory rather than mandatory. Still, the Guidelines are not unconstitutional, and a court "must consult those Guidelines and take them into account when sentencing." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (citing *Booker*, 543 U.S. at 263).

In conjunction with the Guidelines, the court must also consider the § 3553(a) factors when imposing a sentence to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553. These factors include, inter alia:

(1) The nature and circumstances of the offense and the history of the defendant;
(2) The need for the sentence imposed—
(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) To afford adequate deterrence to criminal conduct;
(C) To protect the public from further crimes of the defendant; and
(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

*Id*.

The Court must impose a sentence not only consistent with the Guidelines but one that reflects the seriousness of Defendant's offense, provides just punishment, promotes respect for the laws of the United States, protects the public, and deters him from continuing criminal conduct. 18 U.S.C. §§ 3553(a)(2)(A) and (B).

III. <u>Argument</u>

A guideline sentence is a sentence sufficient, but not greater than necessary to accomplish

the sentencing goals set forth in 18 U.S.C. § 3553(a), particularly in light of the defendant's history, and to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant.

As detailed in the PSR, since 2006, the defendant has seven criminal convictions, PSR ¶¶ 39-46, and his convictions include two crime of violence convictions, PSR ¶¶ 40, 42, and a drug trafficking conviction, in which he was sentenced to nine years in State custody for trafficking methamphetamine – the same substance he possessed with the intent to distribute in this case. Additionally, the defendant was arrested in 2015 for trafficking methamphetamine and felon in possession of a firearm, in Lea County, New Mexico, but those charges were dismissed. PSR at ¶ 53.

Additionally, there is simply nothing that removes this case from the heartland of similar cases. As the defendant notes in his sentencing memorandum, he had a decent childhood, consisting of a united family and family vacations. Doc. 32. at 3. His young adult life was "uneventful," *id.*, and he had, "a rather normal upbringing." *Id.* And, although he may have struggled with substance abuse earlier in his life, he has "remained sober from his methamphetamine addiction for over 3 years now." *Id.*

Therefore, because of the defendant's history, and to reflect the seriousness of the offense, promote respect for the laws, provide just punishment, afford adequate deterrence, and protect the public from future crimes of the defendant, and due to the lack of any significant mitigation, the Court should deny the defendant's request for a variance, and sentence him to the low-end of the applicable guideline imprisonment range.

V.    Conclusion

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests the Court to overrule the defendant's objection to the PSR, and to deny the defendant's request for a variance, and respectfully requests the Court to sentence the defendant to the low-end of the applicable guideline imprisonment range.

Respectfully submitted,

FRED FEDERICI
United States Attorney

***Filed Electronically May 4, 2022***
MARK A. SALTMAN
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, New Mexico 88011
(575) 522-2304

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record.

***Electronically Filed May 4, 2022***
MARK A. SALTMAN
Assistant U.S. Attorney