IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      21CR720 KG

RYAN TYREL COBBS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Ryan Tyrel Cobbs's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), filed July 26, 2023, (Doc. 39). The United States responded, (Doc. 40). Having considered the motion and response, the record of Mr. Cobbs's criminal case, and the applicable law, including proposed amendments to the United States Sentencing Guidelines, the Court denies the motion.

Mr. Cobbs was convicted of two counts in the indictment: Count one was a violation of 18 U.S.C. § 922(g), felon in possession of a firearm, and Count two was a violation of 26 U.S.C. §§ 5861(d) and 5871, Possession of an Unregistered Firearm. The original Sentencing Guideline calculation resulted in a Total Offense Level 27. Mr. Cobbs, through counsel, objected to the 4-level upward adjustment, which was applied pursuant to U.S.S.G. § 2K2.1(b)(6)(B), based on evidence that he possessed the firearm in connection with another felony offense. (Doc. 34). At sentencing, the parties informed the Court that a 4-level upward adjustment in the Guideline calculation would not be pursued by the United States because, while there was evidence of methamphetamine in the residence where Mr. Cobbs possessed the firearm, there was insufficient evidence to establish by a preponderance of evidence it was related to felony drug

1

trafficking. As a result, the Total Offense Level was corrected from 27 to 23. Based on Mr. Cobbs's prior convictions, his Criminal History Score was six, resulting in a Criminal History Category of III and a sentencing range of 57-71 months. The sentence imposed was 57 months for each count to run concurrently.

In his motion, Mr. Cobbs states only his sentence should be reduced based on an amendment to the Sentencing Guidelines, section "4A1.2," or "any other Amendment change that would involve my case." He offers no other proposed basis for a reduction in sentencing.

The United States responds that section 4A1.2 has not been amended and that while other sections have been amended, those amendments do not become effective until November 1, 2023. The United States also reviewed the proposed amendments and concluded Mr. Cobbs was not eligible for any reduction in his sentence. This Court agrees.

Although Mr. Cobbs references "4A1.2" that section is not the subject of any amendments, proposed or otherwise. Mr. Cobbs may be referring instead to an amendment to Section 4A1.1(d), and indeed, that section is the subject of an amendment set to become effective November 1, 2023. Prior to any amendment, that section would result in two additional criminal history points if Mr. Cobbs "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The amendment is proposed because these "status points" no longer are a reliable predictor of future recidivism. In any event, Mr. Cobbs's criminal history score of six did not include any points applied under Section 4A1.1(d). Therefore, his sentence cannot be reduced because of any amendment to that section of the Guidelines.

Mr. Cobbs asked the Court to consider any other proposed amendments, and the Court has done so, including a proposed Section 4C1.1(a), which would apply a two-level reduction in

2

the Offense Level for certain "Zero-Point Offenders." A Zero-Point Offender is one who has no criminal history points. Mr. Cobbs does not qualify for this reduction in his Offense Level because, as already noted, he has six correctly-calculated criminal history points, so he is not a Zero-Point Offender. The Court finds no other change to the Sentencing Guidelines that could result in a reduction to Mr. Cobbs's sentence. As a result, the Motion is denied.

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE